UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOHN DOE,

    Plaintiff,

v.   Case No.: 8-24-cv-01587

FLORIDA COLLEGE, INC., et. al,

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Defendants, FLORIDA COLLEGE, INC., MIKE BENSON, JOHN WEAVER, TODD CHANDLER, and BUDDY PAYNE, hereby respond in opposition to Plaintiff's Motion to Proceed Under Pseudonym. (Dkt. No. 5; Motion). Plaintiff's Motion must be denied, and this Court should dismiss the Amended Complaint, filed under a pseudonym, and require Plaintiff to litigate in his real name. Plaintiff's purely personal interest in remaining anonymous does not outweigh "the customary and constitutionally-embedded presumption of openness in judicial proceedings." Plaintiff B v. Francis, 613 F. 3d 1310, 1315-16 (11th Cir. 2011).

### MEMORANDUM OF LAW

**I.   The Federal Rules of Civil Procedure Only Permit Anonymous Litigation in Exceptional Cases**

Federal Rule of Civil Procedure 10(a) requires a complaint to name all the parties. Likewise, Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Accordingly, "parties to a

lawsuit must identify themselves in their respective pleadings." Doe v. Frank, 951 F. 2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Plaintiff B, 631 F. 3d at 1315. "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Doe v. Stegall, 653 F. 2d 180, 185 (5th Cir. 1981).[1] Therefore, a plaintiff may proceed under a fictitious name only in exceptional cases. Frank, 951 F. 2d at 323; see also Plaintiff B, 631 F. 3d at 1315 (quoting Doe v. Smith, 429 F. 3d 706, 710 (7th Cir. 2005) for the proposition that it is "the defendant, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated") (alteration accepted). There is a heavy presumption favoring openness and transparency in judicial proceedings. See Frank, 951 F. 2d at 324. As the Eleventh Circuit explained:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

Id.

A plaintiff may proceed anonymously if he can show "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

openness in judicial proceedings." Plaintiff B, 631 F. 3d at 1315-16 (quotation marks omitted). To determine whether the plaintiff's privacy right outweighs the presumption of openness, the court must consider the totality-of-the-circumstances, the first step of which "is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020). However, the presence of any one factor is not dispositive. Frank, 951 F. d at 323. Instead, courts must carefully review all of the circumstances of a case to decide "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id.

As set forth below, Plaintiff has failed to establish that his privacy interest warrants denying the public access to the identity of the parties to this lawsuit and the prosecution of this case by the real parties in interest. This case is not unusual, extraordinary, or exceptional. Instead, it is a routine case purporting to bring claims regarding the College's disciplinary process, which are frequently filed in this Court. Plaintiff has failed to meet his burden to overcome the public's legitimate, constitutionally-protected interest in the prosecution of this action and the heavy presumption in favor of openness and transparency in judicial proceedings. "[N]one of the concerns [Plaintiff] raises are so highly sensitive as to outweigh 'the public's legitimate interest in knowing all of the facts involved, including the identities of the

parties.'" Doe v. Fla. Gulf Coast Univ., No. 2:23-cv-245-SPC-KCD, 2023 U.S. Dist. LEXIS 159478, at *7 (M.D. Fla. Sep. 8, 2023) (quoting Plaintiff B, 631 F. 3d at 1315). Importantly, Plaintiff has already publicly disparaged the College and individual administrators regarding the subject matter of this lawsuit. Plaintiff admits that both he and his sister publicly commented on the College's alleged "lack of response and punishment towards his Offenders" and the "cavalier attitude about the sexual harassment Plaintiff was subjected to and their deficiencies in protecting Plaintiff." (Amended Complaint ¶¶ 78–79). Plaintiff's public comments are inconsistent with proceeding anonymously.

II.  **Plaintiff Fails to State a Compelling Privacy Interest or Risk of Actual Harm to Justify the Rare Allowance of Anonymous Litigation**

Plaintiff is not challenging and is not being compelled to admit an intent to engage in illegal conduct and thus risk criminal prosecution. Plaintiff relies only on the second of the three factors described in Plaintiff B, that he is required to disclose information of the utmost intimacy.

A.  **Plaintiff Will Not Be Required to Disclose Information of the Utmost Intimacy**

Plaintiff argues that he will be required to disclose information of the utmost intimacy, including the alleged sexual misconduct Plaintiff experienced and Plaintiff's mental health and personal and family life. The sexual misconduct Plaintiff complains of is that other students: (a) "recorded and/or attempted to record" Plaintiff in the shower while he was taking a shower, and (b) "attempted to cuddle" with Plaintiff while Plaintiff was sleeping in his bed. (Amended Complaint ¶ 16). This information

4

is not "of utmost intimacy" which outweighs the constitutionally-protected presumption of openness in judicial proceedings.

### 1. Plaintiff Will Not Be Required to Disclose Information regarding His Sexuality or Religious Beliefs

The Eleventh Circuit has recognized that the "information of utmost intimacy" standard applies to cases with issues involving abortion, prayer, and personal religious beliefs. Plaintiff B, 631 F. 3d at 1316 (citing Roe v. Aware Woman Center for Choice, Inc., 253 F. 3d 678, 685 (11th Cir. 2001); Stegall, 653 F. 2d at 186); see also Doe v. Austin, No. 8:22-cv-121-JLB-SPF, 2022 U.S. Dist. LEXIS 105229, at *7 ("Matters impacting 'personal information of the utmost intimacy' include, for example, abortion, the use of birth control, homosexuality, sexually-exploited minor children, and personal religious beliefs."). None of these issues are implicated in this case.

Plaintiff argues that the alleged sexual misconduct involves "the sensitive relationship of religion and sexuality" and "homosexual behavior." These issues, however, are not relevant to the underlying case. Plaintiff does not provide any evidence that his sexuality or his personal religious beliefs will be at issue in this case. Indeed, the sexuality or gender of the other students need not have been revealed at all. Instead, Plaintiff accuses these students of "misconduct involv[ing] homosexual behavior." (Motion at 4; see also Amended Complaint ¶¶ 43, 75, 100–04). Plaintiff cannot reasonably assert a legitimate privacy interest in remaining anonymous in this lawsuit simply because he chose to inject gratuitous accusations and details which are not central to his claims. Additionally, Plaintiff provides no information regarding his

personal religious beliefs or evidence of threats or harassment because of such beliefs. His religion has no bearing on whether the College violated Title IX or breached a purported contract. Thus, "the stigma involved in [Plaintiff's] disclosure does not rise to the level necessary to overcome the presumption of openness in judicial proceedings or the explicit requirements of Rule 10(a)." Frank, 951 F. 2d at 324.

### 2. Disclosure of "Sexual Misconduct" Does Not Involve Information of the "Utmost Intimacy"

Similarly, Plaintiff's allegations about other students attempting to record Plaintiff while he was in the shower and attempting to cuddle with Plaintiff are insufficient to be considered information of the utmost intimacy. Historically, courts have not allowed sexual assault victims to proceed anonymously, even if the disclosure would cause personal embarrassment. Doe v. Fla. Gulf Coast Univ. Bd. of Trs., 2023 U.S. Dist. LEXIS 159478, at *6; see also Plaintiff B, 631 F. 3d at 1316; Doe v. Del Rio, 241 F.R.D. 154, 159–62 (S.D.N.Y. 2006) (holding that plaintiff alleging sexual abuse by police officer could not proceed anonymously); Doe v. Shakur, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous). Indeed, in a case involving sexual assault of a plaintiff by an officer while the plaintiff was incarcerated in jail, the Eleventh Circuit determined that disclosure of the sexual assault did not involve information of the "utmost intimacy" as the court has defined it and affirmed the denial of the motion to proceed anonymously. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019); see also Doe v. Ocean Reef Cmty. Ass'n, No. 19-10138-CIV,

6

2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019) (denying motion to proceed anonymously in action asserting sexual assault, battery, and intentional infliction of emotional distress).

Consistent with such reasoning, many courts have concluded that a plaintiff is not entitled to proceed anonymously in cases involving university sexual misconduct findings. See, e.g., Doe v. Fla. Gulf Coast Univ., No. 2:23-cv-245-SPC-KCD, 2023 U.S. Dist. LEXIS 159478, at *7 (M.D. Fla. Sep. 8, 2023) (denying motion to proceed anonymously in a Title IX action where plaintiff alleged that he did not engage in sexual misconduct, but instead that the sexual encounter was consensual, and that gender bias is the reason the university found him responsible); Doe v. Samford Univ., No. 2:21-CV-00871-ACA, 2021 WL 3403517, at *2 (N.D. Ala. July 30, 2021) (same); Doe v. Valencia College, No. 615CV1800ORL40DAB, 2015 WL 13739325, at *1 (M.D. Fla. Nov. 2, 2015) (denying motion to proceed under a pseudonym in action challenging college disciplinary hearing with respect to allegations of physical abuse and sexual assault); see also Doe v. Weber State Univ., No. 1:20-CV-00054-TC-DAO, 2021 WL 5042849 (D. Utah Oct. 29, 2021) (denying plaintiff's motion to proceed by pseudonym in a claim under Title IX against a university where plaintiff alleged professor inappropriately touched and sexually harassed student); Doe v. Rider Univ., No. 16-4882 (BRM), 2018 WL 3756950, at *1-2, 6 (D.N.J. Aug. 7, 2018) (denying plaintiff's request to proceed under a pseudonym in a case involving allegations that the plaintiff had been found responsible for sexual assault); Doe v. Temple Univ., No. CIV.A. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (denying the

7

plaintiff's request to proceed under a pseudonym, holding that there "are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities," and citing several such examples); F.B. v. E. Stroudsburg Univ., No. 3:09CV252, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) (declining to allow the plaintiffs to proceed by pseudonym in a Title IX and civil rights action alleging that, when students, they were sexually assaulted and harassed by the former university vice president).

Plaintiff cites several non-binding cases for the proposition that "this district and circuit have routinely allowed students to proceed under pseudonym in litigation against their current and/or former educational institutions": Doe v. Rollins College, 352 F.Supp.3d 1205 (M.D. Fla 2019); Doe v. New College of Florida, 2023 WL 6313931 (M.D. Fla 2023); Doe v. Embry-Riddle Aeronautical University, 2021 WL 28114905 (M.D. Fla 2021); Doe v. Samford University, 29 F.4th 675 (11th Cir. 2022); Doe v. Valencia College, 903 F.3d 1220 (11th Cir. 2018).

Initially, two of Plaintiff's cited cases **did not** allow the plaintiff to proceed under a pseudonym. The trial court in Valencia College **denied** the plaintiff's motion to proceed using a pseudonym. Doe v. Valencia Coll., No. 6:15-cv-1800-Orl-40DAB, 2015 U.S. Dist. LEXIS 198136, at *8 (M.D. Fla. Nov. 2, 2015). There, the plaintiff was the subject of a college disciplinary hearing on claims of violating the college's Student Code of Conduct with respect to alleged sexual harassment, stalking of another student, and related misconduct. Id. at *2. The court found that "these matters do not require disclosure of information of the 'utmost intimacy.'" Id. at *6. Similarly,

8

the trial court in Samford University **denied** the plaintiff's motion to proceed using a pseudonym, and, as the dismissal of the Title IX claim was affirmed, the appeal of the issue was moot. Doe v. Samford Univ., 29 F.4th 675, 693 (11th Cir. 2022). Accordingly, on their face, Neither of these cases support Plaintiff's Motion.

Embry-Riddle is distinguishable because the defendant did not object to the plaintiff proceeding anonymously. Order on Plaintiff's Motion for Leave to Proceed Anonymously, (Doc. 3), Doe v. Embry-Riddle Aeronautical Univ., No. 6:20-CV-1220-Orl-78LRH (M.D. Fla. Aug. 12, 2020), Doc. 44 p. 2 ("The Defendant filed a timely response to the Motion, stating that it does not oppose the Plaintiff's request to proceed anonymously."). Here, Defendants are timely raising their objection to Plaintiff's failure to identify himself in this pleading. Moreover, Embry-Riddle involved allegations that the plaintiff engaged in sexual assault against another student, allegations which are not present here. 2021 WL 2814905, at *1. Indeed, the allegations of "sexual misconduct" suffered by Plaintiff are that he may have been recorded while taking a shower and other students attempted to cuddle him. (Amended Complaint ¶ 16). Even if this could be considered sexual misconduct, "when no other factors present such as minors involved or threat of violence or physical harm," it does not qualify as information of the "utmost intimacy." See Doe v. FGCU, 2023 U.S. Dist. LEXIS 159478, at *7–8 (quoting Plaintiff B, 631 F.3d at 1316)).

New College is distinguishable because it involved allegations that the plaintiff was a victim of sexual assault. 2023 WL 6313931, at *9. Additionally, in New College,

the plaintiff alleged that she was being stalked by her assailant after the assault. Id. at *10. Here, Plaintiff does not allege that he was a victim of sexual assault or of stalking. He also does not allege in his Motion that he has been subjected to any threats or harassment. Doe has not provided any evidence that he would face "social stigma," harassment, or retaliation if his name is revealed. Doe cites no specific evidence nor provides any affidavits or declarations in support of his vague allegations. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) (approving of the district court's rejection of allegation that plaintiff would face bodily harm where plaintiff presented no evidence to support the allegation).

Likewise, Rollins is inapposite. In Rollins, the court did not have the benefit of subsequent Eleventh Circuit and district court decisions, such as Sheely, 781 F. App'x at 974 and Samford Univ., 2021 WL 3403517, at *2, reaffirming that allegations of sexual assault are not "information of utmost intimacy." Thus, the court relied on contrary opinions from courts outside the Eleventh Circuit in reaching its decision in Rollins, which cannot and should not be followed by this Court. See Rollins Coll., 2018 WL 11275374, at *4 (citing Doe v. Univ. of St. Thomas, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016)). The aforementioned nonbinding cases cannot override binding Eleventh Circuit precedent as well as the overwhelming weight of authority that allegations regarding sexual assault or personal fear of humiliation and embarrassment are insufficient reasons to allow a party to litigate anonymously. This is especially true in this case where there are no allegations of sexual assault.

### 3. The Veracity of the Sexual Misconduct Allegations Is Not At Issue

Further, the issue of whether other students committed sexual misconduct is not before the Court. The specific details of what occurred between the other students and Plaintiff, even if considered "intimate," are not at issue. The claims in this case (failure to comply with Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a); Title IX retaliation; deliberate indifference to sexual harassment; negligent hiring, retention, supervision; intentional infliction of emotional distress; and breach of contract) concern Defendants' investigative proceedings in response to Plaintiff's report of alleged student-on-student sexual harassment. The claims do not litigate what occurred between Plaintiff and the other students, but instead turn on the College's actions based on the information known at the time it made its decision. Cf. Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648 (1999) (concluding that a university is liable under Title IX only when the university's "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances."). Therefore, the intimate details of what, in fact, occurred between Plaintiff and the other students and whether they committed misconduct are not at issue. Accordingly, the "utmost intimacy" factor does not support anonymous litigation of this case or outweigh the heavy presumption in favor of an open proceeding.

### B. The Public, the Court, and the College and its Employees Are Prejudiced by Anonymous Litigation

Plaintiff argues that, because Defendants are aware of Plaintiff's identity, there is no actual or potential threat of unfairness to Defendants or advantage to Plaintiff by

allowing him to proceed anonymously to trial. Plaintiff's argument ignores the risk of unfairness to the opposing party in anonymous litigation, even when the defendant knows the plaintiff's identity. Fundamental fairness suggests that defendants are prejudiced when required to defend themselves publicly while plaintiffs make accusations from behind a cloak of anonymity. See Rapp v. Fowler, 537 F. Supp. 3d 521, 530-32 (S.D.N.Y. 2021). "[A]nonymity provides a shield behind which defamatory charges may be launched without shame or liability." Doe v. Smith, 429 F. 3d 706, 710 (11th Cir. 2005).

More importantly, Plaintiff ignores altogether the impact to the public and the transparency of the judiciary by allowing him to use a fictitious identity by claiming that "the public has little interest in knowing, and no compelling need to know, the actual identity of Plaintiff." Indeed, given that this a routine case and there are no exceptional circumstances present, such a ruling serves to substantially harm the public by denying public access to this proceeding and similar cases alleging discrimination as a matter of course. Neither the Court nor the public's interest are served when judicial proceedings are cloaked in secrecy. (See, e.g., Local Rule 1.11, which recognizes the compelling circumstances needed to seal proceedings from the public).

Plaintiff has publicly accused Defendants of discrimination and brought frivolous claims against individual employees of the College named in the Amended Complaint. Indeed, Plaintiff already dismissed most of the frivolous claims against the individual Defendants. (Compare Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 21)). However, these individuals have had their names placed in the public

12

domain, but do not have the option of proceeding anonymously. Naming these individuals served no purpose other than to harass them. Individual school officials may not be held liable under Title IX, and those claims necessarily failed. Hartley v. Parnell, 193 F. 3d 1263, 1270 (11th Cir. 1999). Additionally, in the absence of any contract between Plaintiff and these individuals, or any legal duty owed by them in their individual capacities, Plaintiff's breach of contract and negligence claims also failed. See Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993). There is not a single allegation in the Amended Complaint showing that any of these individuals performed acts outside the scope of their employment with the College. Plaintiff seeks to fill the public record anonymously with his version of the facts, including conclusory allegations of discrimination against administrators identified by name, which could harm their reputations even after Plaintiff's allegations are shown to be meritless. Plaintiff also accuses other students of sexual misconduct in the Amended Complaint. Plaintiff identifies them only by initials, but their identities are easily discoverable within the College's community. While doing so, Plaintiff wants to remain cloaked in anonymity solely for his personal reasons and benefit. Allowing Plaintiff to proceed anonymously would also substantially harm the public and its constitutional right of access. Courts only abide such harm in exceptional circumstances, and Plaintiff has not shown that this is one of those special cases.

    **C.**    **No Other Circumstances Support Anonymous Litigation**

In addition to the factors addressed above, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of

disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Plaintiff B, 631 F. 3d at 1316. For example, the Eleventh Circuit has also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Id. (citations omitted). Plaintiff has not addressed any of these factors. Plaintiff is not a minor and was not a minor at the time of the allegations in the Amended Complaint. Plaintiff has not alleged that he has been threatened with violence or physical harm.

Plaintiff claims that revealing his identity in publicly-filed documents would subject him to "re-traumatization, embarrassment, ridicule, and social stigmatization." Resting on its own, this conclusory allegation carries no weight. Plaintiff cites no specific evidence nor provides any affidavits or declarations in support of his vague allegations. Moreover, this assertion could be made in any case, which, if sufficient, would warrant concealing a large part of the Court's docket from the public.

Instead of establishing exceptional circumstances, Plaintiff's concerns emanate from his purported fear of personal embarrassment and his unsupported argument does not and cannot outweigh the public's interest. Indeed, such generalized assertions of fear do not outweigh the customary and constitutionally-protected presumption of openness in judicial proceedings. See Frank, 951 F. 2d at 323-24; Doe v. Megless, 654 F. 3d 404, 408 (3d Cir. 2011); Qualls v. Rumsfeld, 228 F.R.D. 8, 12 (D.D.C. 2005). Finally, where a plaintiff seeks an economic benefit from the suit—a dollar recovery from a statutory cause of action—there is even less justification for allowing a plaintiff

14

to proceed anonymously. See, e.g., Harapeti v. CBS Television Stations, Inc., No. 20-CV-20961, 2021 WL 1341524, at *3 (S.D. Fla. Apr. 9, 2021) (citing Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998)).

This lawsuit is a public event. Plaintiff voluntarily decided to file his Complaint in federal court, which follows Federal Rule of Civil Procedure 10(a). Plaintiff has not shown that this case is one that justifies the exceptional and rare circumstance of a party's anonymity. Accordingly, the allegations in the Motion fail to overcome the constitutionally-protected presumption of openness in judicial proceedings.

## CONCLUSION

As the foregoing demonstrates, Plaintiff's purely personal interest in remaining anonymous does not outweigh the strong presumption of openness in public judicial proceedings. Accordingly, Plaintiff's Motion to Proceed Under Pseudonym must be denied, and this Court should dismiss the Amended Complaint and require Plaintiff to litigate in his real name.

Dated this 3rd of September, 2024.

                Respectfully submitted,

                *s/ Gregory A. Hearing*
                GREGORY A. HEARING
                Florida Bar No. 817790
                SACHA DYSON
                Florida Bar No. 509191
                KEVIN M. SULLIVAN
                Florida Bar No. 1003812
                BUSH GRAZIANO RICE & HEARING, P.A.
                100 South Ashley Drive, Suite 1400
                Tampa, Florida 33602

Tel: (813) 228-7000
Fax: (813) 273-0091
Primary: ghearing@bgrhlaw.com;
ksullivan@bgrhlaw.com
Secondary: mmcleod@bgrhlaw.com;
awhiteside@bgrhlaw.com

Attorneys for Defendants Florida College, Inc., Mike Benson, John Weaver, Todd Chandler, and Buddy Payne

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of September, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Fabiola A. Galguera, Esq., Eric F. Long, Esq., and Tyler J. Walchanowicz, Esq., Attorneys for Plaintiff.

*s/Gregory A. Hearing*
Attorney