UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DOE,**

    **Plaintiff,**

v.                                        Case No: 8:24-cv-1587-MSS-NHA

**FLORIDA COLLEGE, INC.,
FLORIDA COLLEGE BOARD OF
DIRECTORS, MIKE BENSON,
JOHN WEAVER, TODD
CHANDLER, BUDDY PAYNE, and
JOHN ROES 1-5,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Permission to Proceed Under Pseudonym, (Dkt. 5), and Defendants' response in opposition thereto. (Dkt. 23) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion without prejudice.

    **I.**    **BACKGROUND**

In this case, Plaintiff, a former student at Florida College, seeks relief against Florida College and its employees for alleged violations of Title IX, 20 U.S.C. § 1681 *et seq*. Plaintiff alleges several of his classmates subjected him to sexual misconduct. Specifically, Plaintiff alleges five other students at Florida College "[p]icked the locks

of Plaintiff's dorm bathroom and recorded and/or attempted to record Plaintiff while he was taking a shower, without Plaintiff's consent[,]" and "climbed into Plaintiff's bed while Plaintiff was sleeping and attempted to cuddle with Plaintiff, without Plaintiff's consent." (Dkt. 1 at ¶ 17) These are Plaintiff's only allegations of specific instances of misconduct. Plaintiff alleges Defendants failed to properly investigate the alleged misconduct in violation of Title IX.

Plaintiff moves to proceed under a pseudonym. (Dkt. 5) In the Motion, Plaintiff argues his interest in protecting his privacy and reputational interests outweighs the customary presumption in favor of open judicial proceedings. Specifically, Plaintiff contends this case involves sensitive personal matters, and, if Plaintiff's anonymity is not protected, he will be subject to reputational harm, embarrassment, and social stigmatization. In response, Defendants argue Plaintiff has not established a privacy interest which outweighs the presumption in favor of open proceedings. (Dkt. 23)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 10(a), a complaint filed in federal court "must name all the parties[.]" The rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). "Although this creates a 'strong presumption in favor of parties proceeding in their own names ... the rule is not absolute.'" Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting Francis,

631 F.3d at 1315).[1] A plaintiff may proceed anonymously where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)).[2] "It is the exceptional case in which a plaintiff may proceed under a fictitious name." Id. Whether a party will be permitted to proceed anonymously is within the court's discretion. Francis, 631 F.3d at 1315.

When determining whether a party's right to privacy outweighs the presumption of judicial openness, courts consider the totality of the circumstances. In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). First, courts consider "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Id. at 1247. Courts should also consider "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Francis, 631 F.3d at 1316.

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

### III. DISCUSSION

Plaintiff argues that if he is compelled to proceed without anonymity, he will be forced to disclose information of the "utmost intimacy." Plaintiff alleges his classmates engaged in "unwanted touching," and "filmed [him] in the shower, in a state of nudity, without his consent." (Dkt. 5 at 3) Plaintiff contends the misconduct of his classmates is "interwoven" with Plaintiff's claims against Defendants, and his pursuit of these claims requires Plaintiff to "divulge details of the harassment" to which he was subjected, as well as "information about his mental health and his struggles in his personal and family life." (Id. at 4) Plaintiff maintains there is "reasonable fear that, should he have to reveal his identity, he will face the risk of re-traumatization, embarrassment, ridicule, and social stigmatization." (Id.) Additionally, Plaintiff notes in the Motion that Florida College is a faith-based institution and the allegations of misconduct involve homosexual behavior. (Id.) Plaintiff argues "the sensitive relationship of religion and sexuality" present in this case weighs in favor of this Court permitting him to proceed under a pseudonym. (Id.)

In response, Defendants argue that this litigation will not require Plaintiff to divulge details of the "utmost intimacy" under the standard established by Eleventh Circuit precedent. (Dkt. 23 at 5–10) First, Defendants argue that "the sensitive relationship of religion and sexuality" is not relevant to the underlying case. (Id. at 5) Specifically, Defendants maintain that Plaintiff's characterization of the misconduct as "homosexual" is not relevant to whether Defendants violated Title IX in responding to Plaintiff's reports of misconduct. (Id. at 5–6) Next, Defendants argue that Plaintiff's

4

allegations of sexual misconduct, standing alone, do not weigh in favor of allowing him to proceed anonymously. (Id. at 6) Indeed, Defendants cites to cases in which plaintiffs alleging sexual assault or abuse were not permitted to proceed anonymously. (Id. at 6–10) See, e.g., Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) ("The district court was entitled to find that although disclosure of the sexual assault would result in personal embarrassment, the disclosure did not involve information of the 'utmost intimacy' as this Court has defined it."); Doe v. Ocean Reef Cmty. Ass'n, No. 19-10138, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019); Doe v. Shakur, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996). Defendants further note that Plaintiff provides no evidence that he has or reasonably expects to experience harassment because of the allegations Plaintiff makes in this case. (Id. at 6) Finally, Defendants argue they would be prejudiced by having to defend themselves publicly if Plaintiff is permitted to proceed anonymously. (Id. at 11–13)

Plaintiff has not shown that his interest in privacy outweighs the presumption of judicial openness. Even in cases where the plaintiff alleges he or she was the victim of sexual assault, courts often deny permission to proceed anonymously. Francis, 631 F.3d at 1316 (citing Frank, 951 F.2d at 324); Doe v. Gutteridge Jeancharles, M.D., P.A., No. 24-cv-34, 2024 WL 701277 (M.D. Fla. Feb. 20, 2024) (citations omitted) ("[F]ear of embarrassment, humiliation, and retaliation is insufficient to outweigh the interest in proceeding publicly."). In such cases, courts grant permission to proceed under a pseudonym where the plaintiff alleges some other circumstance or circumstances that create an "exceptional case." Frank, 951 F.2d at 323.

For example, in Francis, the court granted permission to proceed pseudonymously because the case "involve[d] descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." Id. at 1317. As another example, in Neverson, an Eleventh Circuit panel reversed the district court's refusal to allow the plaintiff to proceed anonymously. 820 F. App'x at 988. The plaintiff alleged "an internationally acclaimed musical recording artist" had sexually assaulted her. Id. at 985. She moved to proceed pseudonymously because she would be required to disclose matters of the "utmost intimacy," such as the details of the alleged assault. Id. Additionally, the plaintiff asserted her family was devoutly Muslim and the "nature of the allegations would bring shame to her and her family because of their cultural and religious traditions." Id. The plaintiff argued "that if her identity were publicized, she and her family would be subject to online bullying, harassment, and threats . . . because Mr. Neverson is a well-known music artist[.]" Id. As evidence, the plaintiff pointed to comments on a social media post about her lawsuit to exhibit the kind of online bullying she expected to experience if her identity were revealed. Id. at 985–86. The social media post received 77,755 "likes." Id. at 985.

Unlike the plaintiffs in Francis and Neverson, Plaintiff does not establish circumstances which show that his interest in privacy outweighs the presumption of judicial openness. See Doe v. Fla. Gulf Coast Univ. Bd. of Trustees, 2023 WL 5830406, at *3 (noting the disclosure of sexual misconduct does not "qualify as information of the 'utmost intimacy'" when "no other factors [are] present[,] such as

6

minors involved or threat of violence or physical harm"). Plaintiff does not allege he was the victim of conduct which would rise to the level of assault. He does not allege that he is a minor, either at present or at the time of the alleged misconduct. He also does not argue that he so recently surpassed the age of majority that his age raises special concerns. See Sheely, 781 F. App'x. at 973–74 (cautioning that courts should not "draw a bright line between a plaintiff one day shy of her eighteenth birthday and a plaintiff one day past it," but finding the plaintiff did not present any argument or evidence that her age raised special concerns). He does not allege he was threatened with violence or physical harm. Unlike the plaintiff in Neverson, Plaintiff does not provide evidence that he is likely to be subject to threats or harassment. Instead, Plaintiff makes conclusory statements about the stigmatization and embarrassment he expects to experience.

Finally, to the extent Plaintiff believes his case is "exceptional" due to the misconduct's allegedly homosexual nature and Florida College's status as a faith-based institution, the Court disagrees. Although the Eleventh Circuit noted in an opinion in 1992 that "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving . . . homosexuality," Frank, 951 F.2d at 324, the Court finds such cases distinguishable from the case here. In those cases, the plaintiffs sought to vindicate the rights of the LGBTQ community through their lawsuits. See, e.g., Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (permitting the plaintiff, a law clerk to a federal judge, to proceed anonymously in a lawsuit alleging an insurance company discriminated against him for fitting a "homosexual profile");

7

Doe v. U.S. Air Force, 812 F.2d 738, 739 n.1 (D.C. Cir. 1987); Doe v. Chafee, 355 F. Supp. 112, 113 (N.D. Cal. 1973); Doe v. Commonwealth's Att'y for City of Richmond, 403 F. Supp. 1199 (E.D. Va. 1975). The plaintiffs in these cases did not allege they were victims of an assault or misconduct of a homosexual nature. Instead, the courts permitted plaintiffs to proceed pseudonymously based on the plaintiffs' privacy interest in not having their sexual identity publicly disclosed. Moreover, the Court notes the underpinnings of these decisions to permit plaintiffs to proceed pseudonymously are outdated and thus inapplicable here. See United Servs. Life Ins. Co., 123 F.R.D. at 439 ("Concern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the [AIDS] crisis."). Finally, Plaintiff is no longer enrolled in the College such that his allegations would be used in the college setting to create additional embarrassment and harassment of him.

## IV.   CONCLUSION

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion for Permission to Proceed Under Pseudonym, (Dkt. 5), is **DENIED WITHOUT PREJUDICE**. Should Plaintiff offer specific evidence within **FOURTEEN (14) DAYS** of the date of this Order to support his claims, the Court will revisit the Order. Otherwise, on the **FIFTEENTH (15TH) DAY**, Plaintiff must amend his complaint to disclose his name, and, thereafter, Defendant will be permitted to include Plaintiff's name in future filings.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of December 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person