UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DOE,**

      **Plaintiff,**

v.                                        Case No.: 8:24-cv-01587

**FLORIDA COLLEGE, INC., et. al,**

      **Defendants.**

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants hereby file their reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Dkt. No. 38; Response).

**MEMORANDUM OF LAW**

**I.   Plaintiff Failed to Respond to Defendants' Arguments for Dismissal of the Claim for Negligent Hiring, Retention, and Supervision and the Claim for Intentional Infliction of Emotional Distress.**

As an initial matter, Plaintiff did not respond to Defendants' arguments for dismissal of Plaintiff's claim for Negligent Hiring, Retention, and Supervision and his claim for Intentional Infliction of Emotional Distress. Plaintiff's failure to respond to the merits of Defendants' request for dismissal is a concession that the request is due to be granted. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quotations omitted); Sanguinetti v. Collier Cty., No. 2:21-cv-529-JLB-KCD, 2022 U.S. Dist. LEXIS 168915, at *19 (M.D. Fla.

Sep. 19, 2022); Guzman v. City of Hialeah, No. 15-23985-CIV-GAYLES, 2016 U.S. Dist. LEXIS 91613, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").

## II. Plaintiff Failed to Adequately Allege Deliberate Indifference.

In his Response, Plaintiff argues that he adequately pled deliberate indifference because he is challenging "procedural flaws and defects" in the College's investigation. (Response at 8). However, the mere "failure to comply with [federal] regulations . . . does not establish the requisite actual notice and deliberate indifference." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 291–92 (1998); Doe v. Univ. of Miami, 446 F. Supp. 3d 1000, 1007 (S.D. Fla. 2020). Likewise, a school's deviation from or violation of its own policies does not establish deliberate indifference. Doe v. Samford Univ., 29 F.4th 675, 688 (11th Cir. 2022).

Plaintiff also argues that the College's deliberate indifference subjected him to "further acts of harassment," citing his allegations that "several students were spreading lies about Plaintiff and making him feel unwelcome and unsafe on campus" during the investigation. (Response at 9; Dkt. No. 32 ¶ 48). However, Plaintiff does not allege the identity of the students purportedly spreading lies or how the purported harassment related to the College's handling of the investigation. Indeed, a school is not "deliberately indifferent" solely because the school fails to "purge" all future misconduct or eliminate all sources of discomfort. Davis, 526 U.S. at 648. Notably, Plaintiff does not allege that the accused parties about which he complained were in

any way involved in the purported harassment. Further, Plaintiff does not allege any facts to show that the purported harassment was discriminatory based on sex. See Hawkins v. Sarasota Cnty. Sch. Bd., 322 F.3d 1279, 1284 (11th Cir. 2003) ("Under Title IX, recipients can only be held liable in a private damages action where their own deliberate indifference effectively causes the **discrimination**."). Because Plaintiff failed to allege that deliberate indifference of the College subjected Plaintiff to any sexual misconduct or sexual harassment by the accused parties after his report, Plaintiff's Title IX claims in Counts I and III fail as a matter of law.

Finally, contrary to Plaintiff's assertion (Response at 9), a court may, in an appropriate case, identify that a response was not "clearly unreasonable" as a matter of law on a motion to dismiss. Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 648–49 (1999); Doe v. Morehouse Coll., Inc., 622 F. Supp. 3d 1279, 1296 (N.D. Ga. 2022). Here, as shown by Plaintiff's allegations, the College responded quickly and conducted an investigation upon Plaintiff's disclosure. (Dkt. No. 32 ¶¶ 28–29, 31, 39). The College took remedial action against the accused students and imposed discipline. (Id. ¶¶ 57, 88). As a matter of law, the College's actions were reasonable.

### III. Plaintiff Failed to State a Claim for Retaliation Under Title IX.

In response to Defendants' argument that Plaintiff failed to allege that he engaged in protected activity under Title IX, Plaintiff cites paragraph 142 of the Amended Complaint, which states that "Plaintiff's sister participated in Title IX protected activity by reporting instances of sexual harassment and/or retaliation." (Response at 11). Plaintiff's sister's actions are irrelevant to his claim. Further, as

3

explained in the Motion to Dismiss, Title IX prohibits a school's deliberate indifference to a hostile educational environment, not student-on-student sexual misconduct. Thus, Plaintiff's and his sister's purported complaints did not oppose practices made unlawful by Title IX. To the extent Plaintiff claims he engaged in protected activity by criticizing the College's disposition of the complaint, a Title IX retaliation claim requires that the plaintiff's opposition "be based upon a good faith belief that is objectively reasonable under existing substantive law." Kocsis v. Fla. State Univ. Bd. of Trs., 788 F. App'x 680, 686 (11th Cir. 2019). Because the College's response to the alleged misconduct was not as a matter of law "clearly unreasonable," Plaintiff lacked an "objectively reasonable" belief that he had opposed a practice that Title IX prohibits.

### IV. Plaintiff Failed to Allege a Breach of Contract.

In the Response, Plaintiff still does not allege which specific Handbook provisions were violated by the College or how such provisions were violated. For example, Plaintiff claims that the College "[r]efused to timely investigate and adjudicate Plaintiff's Complaint." (Dkt. No. 32 ¶ 177). Notwithstanding Plaintiff's allegations that the College investigated Plaintiff's disclosure within days of his reenrolling and meeting with Dean Benson (Id. ¶¶ 24, 28–29, 31, 39), Plaintiff does not allege what provision of the Handbook guarantees a "timely" investigation, how the College's investigation was untimely, or the nature of any damages caused by this purported breach. Each of Plaintiff's alleged breaches suffer from these same deficiencies. (See id. ¶ 177). Plaintiff's vague and conclusory allegations regarding

4

purported breaches do not satisfy pleading requirements. Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

Dated this 10th day of January, 2025.

                              Respectfully submitted,

                              *s/Gregory A. Hearing*
                              GREGORY A. HEARING
                              Florida Bar No. 817790
                              SACHA DYSON
                              Florida Bar No. 509191
                              KEVIN M. SULLIVAN
                              Florida Bar No. 1003812
                              Bush Graziano Rice & Hearing, P.A.
                              100 South Ashley Drive, Suite 1400
                              Tampa, Florida 33602
                              Tel: (813) 228-7000
                              Fax: (813) 273-0091
                              Primary: ghearing@bgrhlaw.com;
                              ksullivan@bgrhlaw.com
                              Secondary: mmcleod@bgrhlaw.com;
                              arobbins@bgrhlaw.com
                              Attorneys for Defendants