## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BO ROBINSON,

       **Plaintiff,**

v.                             **Case No.: 8:24-cv-01587-MSS-NHA**

FLORIDA COLLEGE, INC., et. al.,

       **Defendants.**

_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIFE

Defendants, FLORIDA COLLEGE, INC. d/b/a FLORIDA COLLEGE ("Florida College"), MIKE BENSON ("Benson"), JOHN WEAVER ("Weaver"), TODD CHANDLER ("Chandler"), and BUDDY PAYNE ("Payne") (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the Second Amended Complaint for Injunctive and Other Relief (Dkt. No. 32; "Second Amended Complaint) filed by Plaintiff BO ROBINSON (Plaintiff). Defendants reserve the right to supplement or amend their response as investigation and discovery are ongoing. Defendants respond to the allegations of the Second Amended Complaint, paragraph by paragraph, as follows:

1.     Paragraph 1 contains a recitation of the allegations of both fact and law of the Second Amended Complaint. Defendants deny the allegations of fact and deny that Defendants are liable under any theory or that Plaintiff is entitled to any relief.

2.     Paragraph 2 contains a legal assertion to which no response is required.

To the extent that a response is required, Defendants state that some, but not all, of the claims alleged by Plaintiff are purportedly based on Title IX.

3.    In response to Paragraph 3, Defendants admit this Court has subject matter jurisdiction under 28 U.S.C. § 1331 solely over Plaintiff's claims arising under Title IX but deny that Plaintiff is entitled to any relief under that statute. Defendants further deny that Plaintiff has pleaded a basis for subject matter jurisdiction for his claims arising under Florida law.

4.    In response to Paragraph 4, Defendants admit solely that the Second Amended Complaint alleges some events that occurred within the jurisdiction of the Middle District of Florida. Any other contention in Paragraph 4 is denied.

5.    In response to Paragraph 5, Defendants admit solely that the Second Amended Complaint alleges some events that occurred within the jurisdiction of the Middle District of Florida and that venue is proper within the Middle District of Florida. Any other contention in Paragraph 5 is denied.

## PARTIES

6.    Defendants are without knowledge as to Plaintiff's current residence or what Plaintiff considers "all relevant times." Defendants admit that Plaintiff was enrolled at Florida College during some (but not all) of the events alleged in the Second Amended Complaint. Any other allegation in paragraph 6 is denied.

7.    Defendants are without knowledge as to Plaintiff's meaning of a "Christian-based college" but otherwise admit the allegations of paragraph 7.

8.    Defendants admit solely that Florida College admits some students who

receive federal financial aid or assistance, that it is covered by Title IX and that its address is 119 North Glen Arven Avenue, Temple Terrace, Florida.    All other allegations in paragraph 8 are denied.

9.    Defendants are unaware of what Plaintiff considers "all times relevant to this action" but admit that Benson is employed by Florida College and serves, and has served, as Dean of Students during the time of some events alleged in Paragraph 9. Any other allegation in Paragraph 9 is denied.

10.    Defendants are unaware of what Plaintiff considers "all times relevant to this action" but admit that Weaver is employed by Florida College and serves, and has served, as President during the time of some events alleged in Paragraph 10.  Any other allegation in Paragraph 10 is denied.

11.    Defendants are unaware of what Plaintiff considers "all times relevant to this action" but admit that Chandler is employed by Florida College and serves, and has served, in the capacity of Title IX Coordinator among other positions during the time of some events alleged in Paragraph 11.  Any other allegation in Paragraph 11 is denied.

12.    Defendants are unaware of what Plaintiff considers "all times relevant to this action" but admit that Defendant Payne has served as Chancellor during the time of some events alleged in Paragraph 12.  Any other allegation in Paragraph 12 is denied.

13.    Defendants are unaware of what Plaintiff considers "all times relevant to this action."  Plaintiff has not identified the persons who he calls defendants Roes 1-5

and Defendants are unaware of who these alleged individuals are. To the extent that Paragraph 13 alleges or suggests that other employees of Florida College were involved in any violations of law, Defendants deny the allegations of Paragraph 13.

## FACTUAL ALLEGATIONS

14.     Defendants admit that Plaintiff was enrolled in Florida College during the Fall semester of the 2021-22 academic year and that he had previously attended Florida College Academy. Any other allegation of Paragraph 14 is denied.

15.     Defendants deny the allegations of Paragraph 15.

16.     The allegations of Paragraph 16 and subparts are not pleaded with sufficient detail in terms of individuals and dates to allow Defendants to respond; therefore, Defendants deny the allegations of Paragraph 16.

17.     Defendants are without knowledge as to those allegations specifically raised by Plaintiff; therefore, Defendant deny the allegations of Paragraph 17.

18.     Defendants are without knowledge as to Plaintiff's allegations in Paragraph 18; therefore, Defendants deny the allegations of Paragraph 18.

19.     Defendants are without knowledge as to Plaintiff's allegations in Paragraph 19; therefore, Defendants deny the allegations of Paragraph 19.

20.     Defendants are without knowledge as to Plaintiff's subjective interpretation of any events and his mental state and therefore deny these allegations; Defendants deny that Plaintiff was the victim of "sexual harassment" or that such incidents forced Plaintiff to leave Florida College. Defendants deny any other allegations in Paragraph 20.

21.     Defendants admit that Plaintiff returned to Florida College in the fall of 2022 to continue his education.  Defendants deny any other allegations of Paragraph 21.

22.     Defendants admit that at some point in early August 2022, Plaintiff and his mother met with Holly Cabina and discussed his prior enrollment.  Defendants deny the remainder of paragraph 22.

23.     Defendants admit that, on August 17, 2022, Faith Robinson requested to meet with Benson via an email, the content of which speaks for itself.  During the meeting she relayed allegations from Plaintiff.  Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants admit that Plaintiff reenrolled at Florida College in August 2022 and moved back on to campus.  Any other allegations in Paragraph 24 are denied.

25.     Defendants admit that, on August 22, 2022, Wendy Robinson and Suzanne Roberts met with Holly Cabina and Benson.  Defendants admit they discussed Plaintiff's allegations.  Defendants admit Suzanne Roberts requested that locks be changed.  Defendants deny any other allegations in Paragraph 25.

26.     Defendants admit that at the August 22, 2022, meeting, allegations raised by another student were discussed.  Defendants are unable to respond to some of the allegations in Paragraph 26 due to the lack of identification of persons involved or lack of specificity or clarity of the allegations.  Defendants therefore deny the remaining allegations in Paragraph 26.

27.    Defendants admit that, on August 25, 2022, Plaintiff sent an email, the content of which speaks for itself.  Defendants admit Plaintiff's chapel seat was moved at his request.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants admit that, on August 25, 2022, Chandler contacted Plaintiff twice by telephone to discuss Plaintiff's allegations.   Defendants deny any other allegations in Paragraph 28.

29.    Defendants admit that Plaintiff sent Chandler an email on August 29, 2022, containing what Plaintiff called a Formal Complaint.  The Formal Complaint speaks for itself and did not reference "sexual harassment" or "sexual misconduct." Defendants deny any other allegations in Paragraph 29.

30.    Paragraph 30 contains legal allegations to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 30.

31.    Defendants state that the Florida College policies speak for themselves. Any remaining allegations of Paragraph 31 are denied.

32.    Defendants admit that, on or about August 30, 2022, Chandler notified the students Plaintiff designates as J.H and J.E. that a complaint had been made against them.   The notification letter speaks for itself.  Defendants deny any other allegations in Paragraph 32.

33.    Defendants cannot respond to the allegations to Paragraph 33 as they are self-contradictory; therefore, Defendants deny the allegations of Paragraph 33.

34.    Defendants cannot respond to the allegations to Paragraph 34 as they are insufficiently clear as to the meaning of "formal complaint."  Defendants deny that

the student Plaintiff designates as J.R. requested a formal investigation.  Defendants deny any other allegations in Paragraph 34.

35.    Defendants deny the allegations of Paragraph 35.

36.    Defendants admit that Plaintiff's grandfather Kelly Reese spoke with Payne, who no longer had an administrative position with Florida College.  Payne discussed the various types of investigations that Florida College could conduct and the pros and cons of each.  The remaining allegations in Paragraph 36 are denied.

37.    Paragraph 37 is an assertion of a legal conclusion to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 37.

38.    Defendants admit that Dan Robinson, Wendy Robinson, and Kelly Reese met with Benson and Weaver on September 9, 2022, to discuss the pending investigation.  Defendants further admit that these individuals expressed frustration at the pace of the investigation and advised their goal was to ensure students' safety. Defendants deny the remaining allegations in Paragraph 38.

39.    Defendants deny the allegations of Paragraph 39.

40.    Defendants deny the allegations of Paragraph 40.

41.    In response to Paragraph 41, Defendants state that the Florida College policies speak for themselves.  Any other allegation in Paragraph 41 is denied.

42.    Defendants deny the allegations of Paragraph 42.

43.    Defendants deny the allegations of Paragraph 43.

44.    Defendants admit that Plaintiff requested an informal resolution on or about September 14 or 15, 2022.  Defendants deny the remaining allegations in

Paragraph 44.

45.    Defendants deny the allegations of Paragraph 45.

46.    Defendants admit that Florida College implemented an informal resolution process at Plaintiff's request.  Defendants deny the remaining allegations in Paragraph 46.

47.    Defendants admit that Plaintiff's parents were advised that aspects of the disciplinary process could not be shared for confidentiality reasons.  Defendants deny the remaining allegations in Paragraph 47.

48.    Defendants deny the allegations of Paragraph 48.

49.    The allegations of Paragraph 49 conflate events that occurred at different times and contexts; Defendants admit solely that Defendants advised Plaintiff that the matter would be handled according to Florida College's policies.  Defendants deny the remaining allegations of Paragraph 49.

50.    Defendants admit that Chandler was advised that Plaintiff was threatening other students and advised Plaintiff as well as the two students Plaintiff had alleged filmed him in the shower to stay at their homes during the overnight hours until the issue was resolved.  Defendants deny the remaining allegations in Paragraph 50, including any allegation or inference that Plaintiff was barred from campus or "suspended."

51.    Defendants admit that Chandler spoke on occasion to Plaintiff's father as a matter of courtesy regarding the investigation, and that Plaintiff's father, who had no standing in the investigation, requested identification of the individual who had

8

made allegations regarding Plaintiff's making threatening remarks about the two students he had accused. Defendants admit that Chandler eventually identified the individual. Defendants deny the remaining allegations and inferences in Paragraph 51.

52.    Defendants admit that Chandler spoke on occasion to Plaintiff's father as a matter of courtesy regarding the investigation, and informed him that he had interviewed the individual accusing Plaintiff of making threats. Defendants deny the remaining allegations and inferences in Paragraph 52.

53.    Defendants admit that Chandler spoke on occasion to Plaintiff's father as a matter of courtesy regarding the investigation and kept him up to date on the progress of the investigation. Defendants deny the remaining allegations and inferences in Paragraph 53 and affirmatively state that Chandler interviewed two additional witnesses two days after he interviewed the individual accusing Plaintiff.

54.    Defendants admit that Chandler interviewed the accuser three days after becoming aware of her identity, and two additional witnesses two days after that, and that Chandler concluded that Plaintiff posed no realistic threat and removed the request that the three boys remain off-campus overnight. Defendants deny the remaining allegations in Paragraph 54, and affirmatively state that these remaining allegations in Paragraph 54, which are inferences and argument rather than fact, are gratuitously false and inflammatory.

55.    Defendants admit that Chandler expressed sympathy for Plaintiff's situation and that the conduct Plaintiff alleged the other two students engaged in was

9

inappropriate. Defendants deny the remaining allegations in Paragraph 55.

56.    Defendants admit that at some date in early October, 2022, Plaintiff accepted the informal resolution. Defendants are without knowledge as to all the reasons Plaintiff sought and agreed to an informal resolution but deny that Defendants pressured or misled Plaintiff. Defendants deny any other allegations in Paragraph 56.

57.    Defendants deny the allegations of Paragraph 57, which consist primarily of argumentative assertions drawn from an erroneous understanding of the university disciplinary procedure and are factually false regarding the conduct of the investigation into the allegations made by Plaintiff in his Formal Complaint.

58.    Paragraph 58 contains argumentative assertions and assertions of law. Defendants deny the allegations in Paragraph 58.

59.    Paragraph 59 contains argumentative assertions. Defendants deny the allegations in Paragraph 59.

60.    Defendants admit that, on or about October 24, 2022, Wendy Robinson emailed Weaver and/or Benson requesting an update, the content of which email speaks for itself. Any other allegations or inferences in Paragraph 60 are denied.

61.    Defendants admit that, on or about October 25, 2022, Benson emailed Wendy Robinson providing an update, the content of which email speaks for itself. Defendants deny all other allegations in Paragraph 61.

62.    Defendants admit that, on or about October 27, 2022, Dan Robinson met with Weaver to get an update, and, when Robinson became increasingly argumentative and belligerent regarding his questions and comments about the

investigation and the college, Weaver disengaged from further discussion of specifics, but advised that he was not able to get involved in the ongoing disciplinary investigation.  Defendants deny the remaining allegations in Paragraph 62.

63.    Defendants admit that, during the meeting referenced in Paragraph 62, Dan Robinson stated that Plaintiff was intending to withdraw from Florida College. Defendants have no personal knowledge about Plaintiff's specific motivations for doing so, and therefore deny these allegations.  Defendants admit that Weaver offered to speak to Plaintiff about his decision, albeit not about the specifics of the investigation.  Any additional or contrary allegation is denied.

64.    Defendants admit that Benson advised Dan Robinson that he could not discuss specifics of the investigation due to confidentiality requirements.   The remaining allegations in Paragraph 64 are denied.

65.    Defendants admit that Weaver requested Plaintiff to meet with him and Plaintiff did.  Defendants further admit that during this meeting Weaver sought to encourage Plaintiff to stay at Florida College and to reassure him that the administration was taking the inquiry about his accusations seriously by seeking evidence.  Defendants further admit that Plaintiff shared his concern that one of the accused students was working at the campus Starbucks, which is central to campus life and not easily avoided by students.  All other allegations in Paragraph 65 are denied.

66.    The allegations of this paragraph are insufficiently clear to frame a complete response.  Defendants admit solely that Plaintiff left Florida College on his own accord in November of 2022.  The remaining allegations in Paragraph 66 are

denied.

67.    Defendants deny the allegations of Paragraph 67.

68.    Defendants admit that, on or around November 18, 2022, Benson agreed to meet with Faith Robinson at her request; that Dan Robinson also attended as well; that Faith Robinson expressed concern that the investigation had not been resolved and requested information about its status; and that Benson told her he could not provide details at that time due to confidentiality requirements. Defendants deny any other allegations in Paragraph 68.

69.    Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. Any additional or contrary allegations in Paragraph 69 are denied.

70.    Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. Any additional or contrary allegations in Paragraph 70 are denied.

71.    Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. Any additional or contrary allegations in Paragraph 71 are denied.

72.    Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. Any additional or contrary allegations in Paragraph 72 are denied.

73.    Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. Any additional or contrary allegations in

Paragraph 73 are denied.

74.     Defendants admit that, on or about November 29, 2022, Dan Robinson, Faith Robinson, and Lynn Wade met with Weaver and Benson.  Defendants admit that Weaver explained that Florida College had handled the complaint appropriately based on its policies and explained that the students J.H. and J.E. had been disciplined, but that school officials could not go into the matter due to privacy and confidentiality requirements including FERPA.  All other allegations in Paragraph 74 are denied.

75.     Defendants admit that, on December 2, 2022, Plaintiff, Dan Robinson and Lynn Wade met with Benson.  Defendants admit that Dan Robinson asked why the investigation had taken so long, and Benson replied that other "things happened" in the investigation and that he completed the investigation as quickly as possible given his other duties on campus.  Defendants admit that Plaintiff asked why Benson had not talked to H.L. and Benson explained that he had reached out to her and attempted to interview her.  All other allegations in Paragraph 75 are denied.

76.     Defendants are without knowledge as to any discussion between Wendy Robinson and the student Plaintiff identifies as H.L. and therefore denies this allegation.  Defendants deny that defendant Benson had not attempted to speak with H.L. prior to this time.  Any other allegation in Paragraph 76 is denied.

77.     Defendants admit that, on December 2, 2022, H.L. agreed to meet with Benson on December 5, 2022, after another request by him.  All other allegations or inferences in Paragraph 77 are denied.

78.     Defendants are without knowledge as to the specific Instagram post

referenced, which, if it exists, speaks for itself.  All other allegations in Paragraph 78 are denied.

79.     Defendants state that the contents of Faith Robinson's Instagram posts speak for themselves.  Any additional or contrary allegations in Paragraph 79 are denied.

80.     Defendants admit that, on December 12, 2022, Weaver emailed Plaintiff, the content of which email speaks for itself.  Any additional or contrary allegations in Paragraph 80 are denied.

81.     Defendants admit that Benson emailed Plaintiff on December 13, 2022, with copies to Dan Robinson and Wendy Robinson, offering Plaintiff an opportunity to appear before the Rules, Welfare and Discipline Committee on December 15, 2022, to offer any information he wished regarding his complaint against J.H. and J.E.  Any additional or contrary allegations of Paragraph 81 are denied.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants admit that the meeting before the Rules, Welfare and Discipline Committee was rescheduled for December 21, 2022, after Plaintiff was unable to attend on December 15, 2022.  Any additional or contrary allegations in Paragraph 83 are denied.

84.     Defendants state that the content of the December 20, 2022, email from Benson to Plaintiff Bo Robinson speaks for itself.  Any additional or contrary allegations in Paragraph 84 are denied.

85.     Defendants admit that the meeting never occurred as Plaintiff did not

respond to the December 20, 2022, email. Any additional or contrary allegations in Paragraph 85 are denied.

86. Defendants state that the content of emails between Faith Robinson and school officials speak for themselves. All additional or contrary allegations in Paragraph 86 are denied.

87. Defendants state that the content of emails between Weaver and Kelly Reese speak for themselves. Any additional or contrary allegations in Paragraph 87 are denied.

88. Defendants admit that Weaver spoke with Kelly Reese during the investigation; Defendants further admit that Reese was informed that students were disciplined but that the disciplinary process was confidential and details could not be shared. Any other allegations in Paragraph 88 are denied.

89. The allegations of Paragraph 89 are not sufficiently clear for Defendants to answer; therefore, they are denied.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants admit that Florida College is a Christian college with a Bible-based philosophy. Defendants further state Florida College's website language speaks for itself. Any additional or contrary allegation or inference in Paragraph 92 is denied.

93. Defendants are without knowledge as to Plaintiff's specific interpretation of the allegations of Paragraph 93; therefore, they are denied. Defendants further state that Florida College's religious beliefs are not a proper subject matter for litigation.

94.    Defendants state that Florida College's Student Handbook speaks for itself.  Defendants deny any additional or contrary allegations in Paragraph 94.

95.    Defendants state that Florida College's Student Handbook speaks for itself.  Defendants deny any additional or contrary allegations in Paragraph 95.

96.    Defendants state that Florida College's Student Handbook speaks for itself.  Defendants deny any additional or contrary allegations in Paragraph 96.

97.    Defendants are without knowledge as to Plaintiff's specific interpretation of the allegations of Paragraph 97; therefore, they are denied.  Defendants further state that Florida College's religious principles are not a proper subject matter for litigation.

98.    Defendants are without knowledge as to Plaintiff's specific interpretation of the allegations of Paragraph 98; therefore, they are denied.  Defendants further state that Florida College's religious principles are not a proper subject matter for litigation.

99.    Defendants state that Florida College's Code of Moral Conduct speaks for itself.  Defendants are without knowledge as to Plaintiff's specific interpretation of the allegations of Paragraph 99; therefore, they are denied.  Defendants further state that Florida College's religious principles are not a proper subject matter for litigation.

100.    Defendants state that Florida College's Code of Moral Conduct speaks for itself.  Defendants are without knowledge as to Plaintiff's specific interpretation of the allegations of Paragraph 100; therefore, they are denied.  Defendants further state that Florida College's religious principles are not a proper subject matter for litigation.

101.    Defendants state that Florida College's Code of Moral Conduct speaks for itself.  Defendants deny any additional or contrary allegations in Paragraph 101.

102.    Defendants are without knowledge as to Plaintiff's specific interpretation of "homosexual acts and/or relationships" within the allegations of Paragraph 102; therefore, Paragraph 102 is denied.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants are without knowledge as to Plaintiff's specific interpretation of "homosexual acts and/or relationships" within the allegations of Paragraph 104; therefore, Paragraph 104 is denied.

105.    Defendants admit solely that outside donor funding is routinely sought by Florida College to support its educational mission.  Defendants deny any additional inferences or allegations in Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Paragraph 107 contains a legal contention to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 107.

108.    Defendants admit that Florida College has adopted and follows its Student Handbook and Sexual Harassment, Discrimination and Misconduct Policy, among others.  The remaining allegations in Paragraph 108 are legal contentions to which no response is required; nonetheless, Defendants deny those allegations in Paragraph 108.

109.    Defendants state that Florida College's Sexual Harassment, Discrimination and Misconduct Policy speaks for itself, but deny that it is quoted in full in Paragraph 109.  The remaining allegations in Paragraph 109 are denied.

110.    Paragraph 110 contains a legal contention to which no response is

required; nonetheless, Defendants deny the inferences and allegations of Paragraph 110.

111.    Paragraph 111 contains a legal contention to which no response is required; nonetheless, Defendants deny the inferences and allegations of Paragraph 111 and further state that they are repetitive.

112.    Defendants state that Florida College's Sexual Harassment, Discrimination and Misconduct Policy speaks for itself, but deny the remaining allegations in Paragraph 112.

113.    Defendants state that Florida College's Sexual Harassment, Discrimination and Misconduct Policy speaks for itself, but deny the remaining allegations in Paragraph 113.

114.    Defendants state that Florida College's Sexual Harassment, Discrimination and Misconduct Policy speaks for itself, but deny the remaining allegations in Paragraph 114.

115.    Defendants admit that Florida College has a Rules, Welfare and Discipline Committee.  The remaining allegation of Paragraph 115, if any, is unclear and is thus denied.

116.    Paragraph 116 contains a legal contention to which no response is required; nonetheless, Defendants deny the inferences and allegations of Paragraph 116.

117.    Paragraph 117 contains a legal contention to which no response is required; nonetheless, Defendants deny the inferences and allegations of Paragraph

117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Paragraph 119 contains a legal contention to which no response is required; nonetheless, Defendants deny the inferences and allegations of Paragraph 119.

120.    Defendants deny the allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123.

124.    Defendants deny the allegations of Paragraph 124.

125.    Defendants deny the allegations of Paragraph 125.

## COUNT I

126.    Defendant incorporates and restates its responses to Paragraphs 1 through 125.

127.    Defendants admit that Plaintiff purports to bring this count under Title IX. All remaining allegations in Paragraph 127 are denied.

128.    Defendants admit solely that this Court has subject matter jurisdiction over Plaintiff's Title IX claims. Any other contention in Paragraph 128 is denied.

129.    Defendants admit solely that some students that attend Florida College received federally-supported financial assistance and is covered by Title IX. All remaining allegations in Paragraph 129 are denied.

130.    Paragraph 130 contains a legal contention to which no response is

required; nonetheless, Defendants deny Paragraph 130.

131.    Paragraph 131 contains in part legal assertions to which no response is required.  All remaining allegations in Paragraph 131 are denied.

132.    Paragraph 132 contains in part legal assertions to which no response is required.  All remaining allegations in Paragraph 132 are denied.

133.    Defendants deny the allegations of Paragraph 133.

134.    Defendants deny the allegations of Paragraph 134.

135.    Defendants deny the allegations of Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138.

## **COUNT II**

139.    Defendant incorporates and restates its responses to Paragraphs 1 through 138.

140.    Paragraph 140 contains in part legal assertions to which no response is required.  Any other allegations in Paragraph 140 are denied.

141.    Defendants deny the allegations of Paragraph 141.

142.    Defendants deny the allegations of Paragraph 142.

143.    Defendants deny the allegations of Paragraph 143.

144.    Defendants deny the allegations of Paragraph 144.

145.    Defendants deny the allegations of Paragraph 145.

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

## COUNT III

150.    Defendant incorporates and restates its responses to Paragraphs 1 through 149.

151.    Defendants deny the allegations of Paragraph 151.

152.    Defendants admit solely that Plaintiff reported inappropriate conduct of two individuals to Florida College.  Defendants deny the remaining allegations in Paragraph 152.

153.    Defendants deny the allegations of Paragraph 153.

154.    Defendants deny the allegations of Paragraph 154.

155.    Defendants deny the allegations of Paragraph 155.

## COUNT IV

156.    Defendant incorporates and restates its responses to Paragraphs 1 through 155.

157.    Paragraph 157 contains a legal contention to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 157.

158.    Defendants deny the allegations of Paragraph 158.

159.    Defendants deny the allegations of Paragraph 159.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161.

162.    Defendants deny the allegations of Paragraph 162.

**COUNT V**

163.    Defendant incorporates and restates its responses to Paragraphs 1 through 162.

164.    Defendants deny the allegations of Paragraph 164.

165.    Defendants deny the allegations of Paragraph 165.

166.    Defendants deny the allegations of Paragraph 166.

167.    Defendants deny the allegations of Paragraph 167.

168.    Defendants deny the allegations of Paragraph 168.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170.

**COUNT VI**

171.    Defendant incorporates and restates its responses to Paragraphs 1 through 170.

172.    Paragraph 172 contains a legal contention to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 172.

173.    Paragraph 173 contains a legal contention to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 173.

174.    Paragraph 174 contains a legal contention to which no response is required; nonetheless, Defendants deny the allegations of Paragraph 174.

175.    Defendants deny the allegations of Paragraph 175.

176.    Defendants state that Florida College's Policy and Handbook speak for

themselves.  Defendants deny any additional or contrary allegations in Paragraph 176.

177.    Defendants deny the allegations of Paragraph 177.

178.    Defendants deny the allegations of Paragraph 178.

179.    Defendants deny the allegations of Paragraph 179.

180.    Defendants deny the allegations of Paragraph 180.

## GENERAL DENIAL

Any allegation of fact or law to which a response is required that is not specifically admitted herein is denied.

## DEFENSES

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in Count I of the Second Amended Complaint.  Count I is based on Title IX and appears largely duplicative of Count III.  However, Count I suggests, based on incorporated allegations, that Florida College is liable under Title IX for failing to comply with the Department of Education Title IX regulations.  The United States Supreme Court has expressly held that this is not a basis for liability under Title IX.  Gebser v. Lago Vista Independent School District, 524 U.S. at 274, 291–92 (1998) (holding that the school's "alleged failure to comply with the [Department of Education] regulations, however, does not establish the requisite actual notice and deliberate indifference. . . . We have never held, however, that the implied right of action under Title IX allows recovery in damages for violation of those sorts of administrative requirements").

23

## **SECOND DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted in Count II of the Second Amended Complaint.  Count II alleges retaliation for engaging in protected activity under Title IX.  Plaintiff fails to allege any of the elements of a Title IX retaliation claim; instead, Count II is merely a restatement of Counts I or III cloaked as a retaliation claim and is based on circular reasoning that the alleged failure to adequately investigate a Title IX deliberate indifference claim also constitutes retaliation for filing a complaint.  Moreover, Plaintiff pleads no allegation from which retaliatory motive can be inferred.  Plaintiff further pleads allegedly retaliatory actions against his sister, who is not a party to this action, and which allegations are not relevant to Plaintiff's claims.

## **THIRD DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted in Count III of the Second Amended Complaint.  Count III alleges deliberate indifference as to Plaintiff's rights under Title IX.  It also incorporates the erroneous theory that Florida College's alleged failure to comply with Title IX regulations constitutes a violation of Title IX.  However, Plaintiff's own allegations reflect that Florida College accepted his complaint and disciplined the two students he specifically accused of misconduct.  Plaintiff alleges that Florida College was required to address his complaint under its Title IX policy, despite admitting that he accepted an informal resolution and that the individuals he specifically alleged had engaged in inappropriate actions towards him were disciplined as a result.  This theory fails to state a claim for deliberate indifference

24

under Title IX.

## **FOURTH DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted in Counts I-III of the Second Amended Complaint. The counts are all restatements of the same deliberate indifference claims; they all incorporate allegations that the Defendant violated Title IX merely by allegedly failing to conduct a Title IX proceeding; and they all fail because the allegations of the Second Amended Complaint disprove any deliberate indifference.

Specifically, Plaintiff has failed to allege sufficient facts to show that he was harassed because of his gender; that the harassment was severe and pervasive; that he was deprived of access to any educational opportunity or benefit; that Defendant acted with deliberate indifference to any report of sexual harassment; that the Defendant's response to any alleged harassment was clearly unreasonable in light of the known circumstances; or that there is any other basis for liability against Defendant.

Plaintiff asserts salacious allegations, which likewise are irrelevant, immaterial, scandalous, and do not support his claims. Plaintiff has not and cannot show that Florida College was deliberately indifferent or that Florida College's response was clearly unreasonably in light of the known circumstances. Plaintiff has not and cannot establish any facts to cast doubt as to the sufficiency of the disciplinary proceedings or show that the outcome was, in any way, related to his sex.

## FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in Count IV of the Second Amended Complaint for negligent hiring, retention, or supervision. Plaintiff has failed to allege facts supporting a prima facie case for any of the claims; including identifying any person that allegedly caused harm cognizable under Florida law, or that the actions causing harm were acts outside the scope of the unidentified individuals' job duties. Defendant did not breach any duty of care to the Plaintiff. At all times material hereto, Defendant fell within and comported with the prevailing standard of reasonable care under similar circumstances. Defendant denies any negligence.

## SIXTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in Count V of the Second Amended Complaint for intentional infliction of emotional distress. Plaintiff fails to identify which specific acts by any specific defendant are allegedly the source of emotional distress. Plaintiff has identified no acts sufficient to meet the high level of outrageous conduct necessary to establish this claim. Moreover, since Plaintiff has alleged no direct acts, the individual defendants are protected by the intra-corporate conspiracy doctrine.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in Count VI of the Second Amended Complaint. The Plaintiff has alleged no facts sufficient to establish that any policy of Florida College was a legally binding contractual provision

or entitlement or that such provision, even if legally binding, was materially breached.

## EIGHTH DEFENSE

No actions or omissions of the Defendants were the proximate or legal cause of any harm Plaintiff allegedly suffered. Plaintiff's damages and injuries, if any, were a result of independent, superseding and/or intervening causes over which Defendant has no control, were not foreseeable to Defendant, and for which Defendant cannot be legally liable. Defendant denies any negligence.

## NINTH DEFENSE

Any recovery by Plaintiff must be reduced or set off to the extent of any collateral payments previously or hereinafter received by Plaintiff from others for payment, settlement, release, covenant not to sue or not to enforce judgment, or anything of value received from any party, individual, or entity related to the cause of action alleged in the Complaint and as provided for in § 768.76, Fla. Stat., or any other pertinent and applicable provision. Defendant is also entitled to a set off for medical benefits Plaintiff received from any health maintenance organization or health insurance company representing the difference between amounts billed by Plaintiff's medical providers and amounts paid to providers pursuant to a fee schedule. See Goble v. Frohman, 901 So.2d 830 (Fla. 2005).

## **TENTH DEFENSE**

Defendant affirmatively states that it is entitled to list any and all parties who may be responsible for the alleged accident on the jury form as permitted by <u>Fabre v. Martin</u>, 623 So. 2d 1182 (Fla. 1993), including any named parties, and any other person or entity who knew of, caused, and/or contributed to the condition which allegedly injured Plaintiff. At this time, Plaintiff has identified five students who are not joined as parties who allegedly engaged in the actions causing Plaintiff harm. These are designated in Paragraph 16 of the Second Amended Complaint as "the Offenders" and are identified as J.H., J.E., J.R. 1, C.A., and T.N. Plaintiff also alleges in Paragraph 63 that he was harassed by other non-identified persons. If during discovery additional non-parties are identified, Defendant will amend its Affirmative Defenses to identify said non-parties forthwith. Defendant is entitled to the apportionment and allocation of fault between and among all parties, individuals, and entities as directed by Florida law.

## **ELEVENTH DEFENSE**

Defendant has made good faith efforts to prevent any discriminatory conduct under Title IX, including, but not limited to, enacting adequate and effective policies designed to prevent and correct harassment and other types of sex discrimination. Thus, Defendant has exercised reasonable care to prevent any discriminatory, hostile, retaliatory, or harassing behavior or any other improper treatment that the Plaintiff might encounter at the University. Additionally, upon notice of alleged harassment or any other discrimination, Defendant has taken prompt and effective remedial action,

including a prompt and thorough investigation, to respond to the report of discrimination. To the extent that Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Defendant is not liable and the Plaintiff is barred from recovery. Any damages that Plaintiff may have suffered, which Defendant continues to deny, were the direct and proximate result of Plaintiff's failure to report or follow Defendant's policies requiring reporting of any alleged discrimination or harassment and/or Plaintiff's failure to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Therefore, Defendant is not liable and Plaintiff is barred from recovering any damages or other relief from Defendant.

## TWELTH DEFENSE

Plaintiff's claims are barred by the First Amendment Religion and Establishment Clauses to the extent they are based on or refer to the Defendants' religious beliefs or principles, actions in conformity therewith, or actions allegedly not in conformity therewith.

## THIRTEENTH DEFENSE

To the extent that Defendant has failed to mitigate any injury he claims, he is barred from recovery, or any recovery must be reduced by the failure to mitigate.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands or comparative fault, in that Plaintiff reportedly participated in actions similarly to those complained of and was more than 50% at fault for any injury suffered by virtue

of his actions, barring recovery. Plaintiff's family members, in particular Faith Robinson, on Plaintiff's behalf and, on information and belief, at Plaintiff's request, undertook efforts to interfere in the disciplinary investigation and to obtain information made confidential by Federal law.

DATED: May 8, 2025.

Respectfully submitted,

/s/ *Gregory A. Hearing*
GREGORY A. HEARING
Florida Bar No. 817790
SACHA DYSON
Florida Bar No. 509191
FRANK E. BROWN
Florida Bar No. 734969
BUSH GRAZIANO RICE
& HEARING, P.A.
100 South Ashley Drive, Suite 1400
Tampa, Florida 33602
Tel: (813) 228-7000
Fax: (813) 273-0091
Primary: ghearing@bgrhlaw.com;
sdyson@bgrhlaw.com;
fbrown@bgrhlaw.com;
Secondary: mmcleod@bgrhlaw.com;
arobbins@bgrhlaw.com;
nhearing@bgrhlaw.com

Attorneys for Defendants Florida College, Inc., Mike Benson, John Weaver, Todd Chandler, and Buddy Payne