**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BO ROBINSON,**

    **Plaintiff,**

v.                                        Case No.: 8:24-cv-01587-MSS-NHA

**FLORIDA COLLEGE, INC., et. al.,**

    **Defendants.**

_____/

**JOINT MOTION TO ALLOW THE PARTIES TO TAKE THE DEPOSITIONS OF THREE INDIVIDUALS, AND TO COMPLETE EXPERT DISCOVERY OF TWO EXPERTS, AFTER THE DISCOVERY DEADLINE AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff BO ROBINSON ("Plaintiff"), and Defendants FLORIDA COLLEGE, INC., MIKE BENSON, JOHN WEAVER, TODD CHANDLER, and BUDDY PAYNE ("Defendants"), collectively the "Parties," by and through undersigned counsel, pursuant to Fed.R.Civ.P. 16(b), hereby move this Court to permit (1) depositions of three individuals outside the current discovery deadline but not later than August 16, 2025; and (2) permit completion of expert discovery including Defendants' conducting of an IME of the Plaintiff, Plaintiff's retention of a medical expert and submission of a Rule 26(a)(2)(B) report, and depositions of both witnesses by August 26, 2025, outside the current expert report and discovery deadline.

1. On December 21, 2024, the Court entered its Case Management and Scheduling Order, establishing all deadlines for discovery, dispositive motions, pretrial

proceedings, and the trial term. (Dkt. No. 20). The Court has set the following schedule for this case, in relevant part:

| Action | | Deadline |
|---|---|---|
| Disclosure of Expert Reports – | Plaintiff: | May 16, 2025 |
| | Defendant: | June 16, 2025 |
| | Rebuttal: | July 1, 2025 |
| Discovery Deadline | | July 16, 2025 |
| Mediation Deadline | | August 20, 2025 |
| | | Currently scheduled for July 10, 2025 |
| Dispositive and *Daubert* Motions Deadline | | September 3, 2025 |

2. The Parties have completed much of the discovery in the case as follows:

   a. The Parties have engaged in written discovery and extensive third-party discovery, with such discovery nearly complete.

   b. Defendants have taken the depositions of Plaintiff and his father, and do not expect to take any further non-expert depositions at this time.

   c. Plaintiff has scheduled the deposition of Defendant Mike Benson for July 9, 2025, and wishes to take the depositions of Defendants John Weaver, Todd Chandler, and Buddy Payne at a mutually convenient date after the July 10, 2025, mediation if the case does not settle, but there is no mutually convenient date within the current discovery period ending July 16, 2025.

2

    d. Defendants have previously identified their expert witness on June 10, 2025, and have scheduled a consented Independent Medical Examination of Plaintiff to take place on July 17, 2025, if the case does not settle at mediation. A consented motion to take this Rule 35 examination is being filed with this motion.

    e. Plaintiff has previously advised that he wishes to retain a medical expert to testify on Plaintiff's behalf and provide a report containing the items required by Rule 26(a)(2)(B) within 20 days of receipt of Dr. Kaplan's report containing the same.

    f. These two experts would address damages issues.

    g. Because of the extensive costs associated with the experts' analyses and testimony, the Parties prefer to complete expert preparation and discovery after mediation if the case does not settle.

3. Accordingly, the Parties request leave to conduct the following discovery outside the current fact and expert discovery deadlines:

    a. Plaintiff's depositions of Defendants John Weaver, Todd Chandler, and Buddy Payne, to be taken promptly after mediation, but no later than August 16, 2025.

    b. Completion of Plaintiff's IME scheduled for July 17, 2025, with a Rule 26(a)(2)(B) report provided promptly thereafter.

    c. Designation of a medical expert by Plaintiff and provision of a Rule 26(a)(2)(B) report within 20 days of receipt of the IME report.

    d. Depositions of the experts within 25 days of the provision of their reports, but no later than August 26, 2025.

    e. Any supplementation of discovery as required by Rule (26)(e) necessitated by these depositions.

4. The Court's granting leave to take this limited discovery outside the discovery deadline should not necessitate any extension of the other deadlines established in the Case Management and Scheduling Order. Under this proposal, all fact witnesses will be deposed at least 18 days before the dispositive motion deadline. All expert reports and depositions would be completed prior to the *Daubert* motion deadline. Thus, the Parties do not request modification of any other deadlines in the case, including dispositive and *Daubert* motions, pretrial and trial proceedings.

5. This motion is made in good faith and not for purposes of delay, but to ensure orderly completion of discovery and other pretrial proceedings and to serve the interests of justice.

6. Neither party will be prejudiced by the granting of this motion. Indeed, the Parties agree to the relief requested in this motion.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 16(b) governs requests for the modification of the Court's Case Management and Scheduling Order. According to the Rule, a Scheduling Order may be modified "for good cause and with the judge's consent." The granting of this Motion is within the Court's broad discretion. See Perez v. Miami-Dade County, 297 F.3d 1255, 1263 & n.21 (11th Cir. 2002) (indicating that the

4

district courts have discretion over the scheduling and disposition of cases); <u>Santiago v. Lykes Bros. Steamship Co.</u>, 986 F.2d 423, 427 (11th Cir. 1993) (finding that the district courts have broad discretion in deciding whether to modify a pretrial order).

It is respectfully submitted that the foregoing establishes good cause for permitting limited additional discovery beyond the deadlines established in the Case Management and Scheduling Order. The proposed relief will serve judicial economy, avoid inconvenience, allow this matter to be resolved expeditiously and efficiently, and not prejudice either party. Thus, the Parties respectfully request that the Court grant this Joint Motion.

DATED this <u>2nd</u> day of July, 2025.

Respectfully submitted,

| *s/Eric F. Long* | *s/ Gregory A. Hearing* |
|---|---|
| ERIC F. LONG | Gregory A. Hearing |
| Ohio Bar No. 0093197 | *Lead Counsel* |
| TYLER J. WALCHANOWICZ | Florida Bar No.: 817790 |
| Ohio Bar No. 0100115 | SACHA DYSON |
| FRIEDMAN NEMECEK LONG & GRANT, L.L.C. | Florida Bar No.: 509191 |
| | FRANK E. BROWN |
| The IMG Center | Florida Bar No.: 734969 |
| 1360 E. 9th Street, Suite 650 | BUSH GRAZIANO RICE & HEARING, P.A. |
| Cleveland, OH 44114 | |
| Tel: (212) 928-7700 | 100 S. Ashley Drive, Suite 1400 |
| Fax: (212) 820-4659 | Tampa, Florida, 33602 |
| efl@fanlegal.com | Tel: (813) 228-7000 |
| tjw@fanlegal.com | Fax: (813) 273-0091 |
| *PRO HAC VICE* | Primary: ghearing@bgrhlaw.com; sdyson@bgrhlaw.com; fbrown@bgrhlaw.com |
| Fabiola Adria Galguera | |
| Bar No. 1033393 | Secondary: mmcleod@bgrhlaw.com; |
| NACHTLAW, P.C. | arobbins@bgrhlaw.com; |
| 501 Avis Drive, Suite 3 | nhearing@bgrhlaw.com |
| Ann Arbor, MI 48108 | |

5

Tel: (734) 663-7550  ATTORNEYS FOR DEFENDANTS
fgalguera@nachtlaw.com

ATTORNEYS FOR PLAINTIFF