UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BO ROBINSON,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　Case No: 8:24-cv-1587-MSS-NHA

**FLORIDA COLLEGE, INC. d/b/a FLORIDA COLLEGE, FLORIDA COLLEGE BOARD OF DIRECTORS, MIKE BENSON, JOHN WEAVER, TODD CHANDLER, BUDDY PAYNE, and JOHN ROES 1-5,**

    **Defendants.**

___

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Unopposed Motion for Rule 35 Independent Medical Examination of Plaintiff Bo Robinson (the "Motion"). (Dkt. 54)

Federal Rule of Civil Procedure 35(a) provides:

(1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order.* The order:

    (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

In this action, Plaintiff Bo Robinson asserts claims against Defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Dkt. 32) Plaintiff alleges he was subjected to sex-based harassment and misconduct. (Id.) He also asserts claims of negligent hiring, retention, and supervision against Defendants. (Id.) Finally, he alleges Defendants made fraudulent misrepresentations and that these misrepresentations caused him severe emotional distress. (Id.)

Plaintiff alleges Defendants' conduct caused him to suffer "mental anguish that is serious and of a nature that no reasonable person could be expected to endure it." (Id. at ¶ 168) Specifically, Plaintiff alleges that he suffered humiliation, depression, educational impacts, anxiety, and fear. (Id. at ¶ 169) As a result of this mental distress, Plaintiff alleges he was forced to leave Florida College. (Id. at ¶ 20) Defendants deny that Plaintiff suffered any redressable injury. (Dkt. 54 at 2)

In the Motion, Defendants request the Court require Plaintiff to submit to a mental health examination by Eric M. Kaplan, M.D., at his office located at 146 Whitaker Road, Suite B, Lutz, Florida 33549 on July 17, 2025.[1] (Id.) The Court finds that a mental health examination of Plaintiff is appropriate under Fed. R. Civ. P. 35 because Plaintiff has placed his mental condition in controversy. Defendants' Motion

---

[1] Another date and appropriate time may be coordinated, if necessary, with Plaintiff's counsel and Dr. Kaplan based on the Parties' and Dr. Kaplan's availability.

details the place, manner, conditions, and scope of the examination, and Defendants certify that Plaintiff has no objection to the requested relief. (Id.)

Accordingly, based on the Parties' stipulation and the Court's independent finding of good cause, it is hereby **ORDERED** that:

1. Defendants' Unopposed Motion for Rule 35 Independent Medical Examination of Plaintiff Bo Robinson, (Dkt. 54), is **GRANTED**.

2. Plaintiff Bo Robinson shall submit to a mental health examination at the location detailed above on July 17, 2025, or on another date agreed upon by the Parties and Dr. Kaplan. The medical examination is subject to the conditions as described in Defendant's Motion. (Dkt. 54)

**DONE and ORDERED** in Tampa, Florida this 3rd day of July 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party